IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TIMOTHY WEBSTER )
)
v. ) NO. 3:10-0572
)
ROBERTSON COUNTY JAIL, et al. )

TO: Honorable Todd J. Campbell, Chief District Judge

# REPORT AND RECOMENDATION

By Order entered July 27, 2010 (Docket Entry No. 8), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 22) filed by the Robertson County Jail and Jerrell Jones, to which the Plaintiff has filed a response in opposition (Docket Entry No. 28). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

The Plaintiff is currently a pretrial detainee housed at the Robertson County Jail in Springfield, Tennessee. He filed this action pro se and in forma pauperis on June 10, 2010, against the Robertson County Jail ("Jail"), Captain Jerrell Jones ("Jones"), and unnamed "2nd Shift

Officers." He seeks relief under 42 U.S.C. § 1983 alleging that his civil rights were violated at the Jail. He alleges that:

> On May 28, 2010, I was assaulted by inmate Leroy Miller. Leroy Miller was a state inmate which (sic) had already been sentenced to state prison time and should not have been housed around pretrial inmates.

See Complaint (Docket Entry No. 1), at 5. He further alleges:

> I am suing 2nd shift officers because of their delay in responding to the altercation. There (sic) response time was way off and I would not have received the injuries I received if they would have responded in time after the altercation started.

Id. at 4.

By the Order of referral, process was issued to the Jail and Jones.[1] In lieu of an answer, the Defendants have filed the pending motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. They contend that the Jail is not a legal entity that can be sued, that there is no basis for a claim based on vicarious liability under 42 U.S.C. § 1983, and that Jones is entitled to qualified immunity from any damage claims brought against him in his individual capacity. Defendant Jones further argues that, to the extent that he is named in his official capacity, such a claim is a claim against the Robertson County municipal government but the Plaintiff has not alleged facts supporting a claim of municipal liability.

---

[1] With respect to the unnamed "2nd Shift Officers," the Plaintiff was specifically advised in the July 27, 2010, Order that it was his responsibility to identify the officers by name and request service packets for them. By Order entered September 13, 2010 (Docket Entry No. 18), the Plaintiff was given until October 29, 2010, to file an amended complaint substituting specifically named individuals for the unnamed officers and providing addresses at which summons for them could be issued. By Order entered November 1, 2010 (Docket Entry No. 31), this deadline was extended to November 19, 2010. To date, the Plaintiff has not filed an amended complaint or provided any other information regarding the identity of the unnamed officers.

In response, the Plaintiff argues he received injuries because of the altercation and that Defendant Jones "was negligent concerning housing certain inmates together. Inmate Leroy Miller was not reclassified concerning his status and was put lock in same pod which allowed him to assault the plaintiff." See Response in Opposition (Docket Entry No. 28), at 2.

## II. STANDARD OF REVIEW

A motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need

3

not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

### III. CONCLUSIONS

The motion to dismiss should be granted. To state a claim under 42 U.S.C. § 1983, the Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)(overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); Flagg Bros. v. Brooks, 436 U.S. 149, 155-56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); Black v. Barberton Citizens Hosp., 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under Section 1983. See Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991).

The Robertson County Jail is not a person within the meaning of 42 U.S.C. § 1983 and, thus, is not a proper defendant in this action. Quite literally, the Robertson County Jail is a building and is not an entity capable of being sued under Section 1983. See Pianga v. Williams County Jail, 2006 WL 618912 (M.D. Tenn. Mar. 10, 2006) (Echols, J.); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989). Accordingly, the Robertson County Jail should be dismissed from the action.

Although nowhere in his complaint does the Plaintiff indicate that he intends to name Robertson County as a defendant, he has named Defendant Jones in his official capacity. The official capacity claim is essentially a claim of municipal liability against Defendant Jones'

employer. See Will v. Michigan Department of State Police, 491 U.S. 58, 68, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). For such a claim, the Plaintiff must set forth facts upon which municipal liability can found by showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Robertson County. Monell v. New York City Department of Social Services, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). In short, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. Otherwise, a Section 1983 claim will not lie. See City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989); Doe v. Claiborne County, Tenn., 103 F.3d 495, 507-09 (6th Cir. 1996). The Plaintiff's complaint does not contain any factual allegations supporting such a claim, and the Plaintiff's official capacity claim against Defendant Jones should be dismissed.

Finally, the claim against Defendant Jones in his individual capacity also warrants dismissal. Defendant Jones raises the defense of qualified immunity from the damage claim brought against him in his individual capacity. The affirmative defense of qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates a clearly established statutory or constitutional right of which a reasonable person in the official's position would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Gardenhire v. Schubert, 205 F.3d 303, 310-11 (6th Cir. 2000). The purpose of the qualified immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular conduct, and the doctrine protects all but the plainly incompetent or those who knowingly violate the law. Dorsey v. Barber, 517 F.3d 389, 394 (6th Cir. 2008).

The first prong of the qualified immunity analysis involves determining whether a constitutional violation has occurred. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); Sigley v. City of Parma Heights, 437 F.3d 527, 537 (6th Cir. 2006); Jackson v. Leighton, 168 F.3d 903, 909 (6th Cir. 1999). If the Court finds that no violation has occurred and the first prong has not been satisfied, then the case must be dismissed. Saucier, 533 U.S. at 201.[2]

The Court construes the Plaintiff's complaint to allege a claim that his right to personal safety was violated because he was attacked by another inmate whom he alleges should not have been housed in the same area as the Plaintiff and because jail officers did not promptly respond to the attack.[3] Under the Fourteenth Amendment, jail officers may not disregard a substantial risk of serious harm to pretrial detainees which is posed by violence at the hands of other inmates. Leary v. Livingston County, 528 F.3d 438, 441-42 (6th Cir. 2008) (applying the substantial risk test of Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), to the claim of a pretrial detainee under the Fourteenth Amendment).

In the instant action, however, the Plaintiff has not made factual allegations which support a claim for relief against Defendant Jones under Section 1983. Initially, the Court notes that there are no factual allegations which support a claim that anyone at the Jail acted with deliberate indifference to a substantial risk of serious harm to the Plaintiff's personal safety by housing him

---

[2] In Pearson v. Callahan, 555 U.S. __, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009), the United States Supreme Court clarified that rigid application of the two step qualified immunity analysis, which had been made mandatory in Saucier, was no longer the rule and that a court could dismiss a case based on either prong of the qualified immunity analysis.

[3] Defendant Jones construes the Plaintiff's complaint as asserting a denial of medical care claim in addition to a claim that he was not protected from inmate Miller. The Court does not share in this construction of the complaint and does not find that such a claim has been asserted by the Plaintiff.

and the inmate who attacked him in the same housing area. The Plaintiff does not allege facts showing that the inmate who attacked him posed a risk of harm to the Plaintiff which was known by anyone at the Jail or that the Plaintiff himself expressed any fear of the inmate prior to the attack. The Plaintiff merely alleges that the other inmate was a "state" inmate and that such inmates should be separated from pretrial detainees. Such a general allegation is not sufficient to provide officers at the Jail with knowledge of a specific and substantial risk to the Plaintiff's personal safety because of the inmate who attacked him. The Plaintiff's contention that it was negligent for the other inmate to have been housed with him is simply insufficient to support a constitutional claim under Section 1983 as the Plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety." Farmer, 511U.S. at 835.

Further, even if there were allegations showing that a specific risk to the Plaintiff's safety existed, a basic requirement for any claim of individual liability under Section 1983 is a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Greene v. Barber, 310 F.3d 889, 899 (6th Cir. 2002); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999), cert. denied, 530 U.S. 1264, 120 S.Ct. 2724, 147 L.Ed.2d 988 (2000); Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992); Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989). The Plaintiff has not set forth any facts showing that Defendant Jones had any personal involvement in housing the Plaintiff and the inmate who attacked him in the same housing area at the Jail and thus was deliberately indifferent to this risk.

When a defendant raises a defense of qualified immunity, the Plaintiff bears the burden of demonstrating that the defendant is not entitled to qualified immunity. Silberstein v. City of Dayton, 440 F.3d 306, 311 (6th Cir. 2006). The Plaintiff has not met his burden of setting forth factual

7

allegations showing that his constitutional rights were violated by the actions of Defendant Jones such that the first prong of the qualified immunity analysis is satisfied. Accordingly, the claim against Defendant Jones warrants dismissal.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 22) of Defendants Robertson County Jail and Jerrell Jones be GRANTED.

Because Defendants Robertson County Jail and Jerrell Jones are the only defendants who were specifically named in the action and for whom process was issued, the Court further RECOMMENDS that this action be DISMISSED. The Plaintiff has been given several months to identify any other defendants in this action but he has failed to meet the November 19, 2010, deadline to file an amended complaint with respect to any other defendants.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

        *Juliet Griffin*
        JULIET GRIFFIN
        United States Magistrate Judge